IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARL ALTON WINFIELD JR., | MEMORANDUM DECISION & ORDER DENYING HABEAS PETITION |
| Petitioner, | |
| v. | Case No. 2:10-CV-938 TC |
| STATE OF UTAH, | District Judge Tena Campbell |
| Respondent. | |

Petitioner, Carl Alton Winfield Jr., an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies him.

BACKGROUND

A jury convicted Petitioner of aggravated robbery, a felony, for which he was sentenced to five years to life. On direct appeal, Petitioner raised two issues before the Utah Supreme Court: (1) The inadequacy of the trial court's voir dire examination of the jury pool; and (2) insufficient evidence. Neither of these challenges was addressed on the merits. This is because the former was "invited error," as Petitioner, representing himself at trial, specifically stated his unreserved acceptance of the jury.[2] And, the latter was not preserved at trial.[3]

On state-post-conviction review, Petitioner raised three issues: (1) improper bindover; (2) perjured testimony by witnesses; and (3) ineffective assistance of appellate counsel, based on

---

[1] *See* 28 U.S.C.S. § 2254 (2013).

[2] "The trial judge . . . asked if Winfield found the collective panel from which his jury would be selected to be acceptable. Winfield responded, 'Absolutely,' and declined to use any of his four available peremptory challenges, stating 'The defense concedes to the jury selection.' At the conclusion of voir dire, Winfield again stated, "Let the record reflect that I have conceded to the jury selection.'" *State v. Winfield*, 2006 UT 4, ¶ 8.

[3] *Winfield*, 2006 UT 4, ¶ 28.

failure to attack the restriction of Petitioner's movements around the court room at trial. The court declined to reach the merits of these issues because Petitioner improperly briefed them--specifically, by not setting forth how the trial court had erred but instead restating his original arguments.[4] The Utah Supreme Court denied a petition for writ of certiorari.[5]

Petitioner's current petition to this Court attacks these alleged violations in his state-court criminal proceedings: (1) perjured testimony by witnesses and (2) unfair restraint of his movements around the court room at trial. The State responds to the petition, correctly arguing that these grounds are procedurally defaulted, as they were rejected on procedural grounds by the Utah Court of Appeals and Utah Supreme Court.

## ANALYSIS

This Court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"[6] The grounds are "independent and adequate" when they are "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'"[7]

---

[4]*Winfield v. State*, 2009 UT App 323.

[5]*Winfield v. State*, 230 P.3d 127 (Utah 2010) (table).

[6]*Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[7]*See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)) (quotation omitted in original).

Under this Court's review of Utah procedural law, Utah appellate courts regularly apply the "invited error doctrine," under which they "decline[] to engage in plain error review when [a party] made an affirmative statement that led the court to commit the [alleged] error."[8]  The Utah Supreme Court explicitly spoke to the regular and evenhanded nature of its use of the doctrine: "Under the 'invited error' doctrine, we have held *repeatedly* that a party cannot on appeal 'take advantage of an error committed at trial when that party led the trial court into committing the error.'"[9]  This Court's research further reveals that the Utah appellate courts regularly and evenhandedly apply the requirement that appellate litigants must properly brief their arguments.[10]

Under the federal law outlined earlier, then, this Court must dismiss Petitioner's defaulted issues unless cause and prejudice or a fundamental miscarriage of justice redeems the default.[11]  Petitioner perhaps argues both cause and prejudice and a fundamental miscarriage of justice. Petitioner vaguely asserts cause and prejudice stem from his ignorance and lack of access to a legal resources and fundamental miscarriage of justice stems from his innocence based on the merits of his substantive claims.

---

[8]*State v. Moa*, 2012 UT 28, ¶ 24.

[9]*State v. Lafferty*, 2001 UT 19, ¶ 34 n.9 (emphasis added) (citations omitted); *see, e.g.*, *State v. Lee*, 2006 UT 5, ¶¶ (applying invited-error doctrine in stating "where a party affirmatively expresses to the trial court his assent to the composition of the jury, that party cannot challenge the composition of the jury on appeal").

[10]*See, e.g., Peak Alarm Co. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 67 (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 50 (same); *Kell v. Utah*, 2008 UT 62, ¶ 14 (holding post-conviction court correctly dismissed claims that had been previously raised and rejected, or could have been but were not raised, on direct appeal); *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *State v. Womack*, 967 P.2d 536, 540 n.1 (Utah App. 1998) (same).

[11]*See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

The Court first examines cause and prejudice, as to Petitioner's assertion that his lack of knowledge and legal resources provides a path to allow this Court to address his procedurally defaulted claims on the merits. "[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[12] Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[13]

Petitioner has not done this. Under Tenth Circuit case law, lack of legal knowledge and resources do not carry Petitioner's burden to show cause.[14] Indeed, this is a factor *internal* to Petitioner's defense. Moreover, the fact that Petitioner rather ably represents himself in this case, with rational arguments and plenty of pleadings, belies his assertion that he had inadequate access to or understanding of the law. The Utah Supreme Court even endorsed Petitioner's legal capabilities as a *pro se* litigant.[15] Finally, it is the Utah Court of Appeals' determination *under*

---

[12]*Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[13]*Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

[14]*See also Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to adequately raise claims).

[15]In this case, Winfield's decisions during voir dire can hardly be accredited to a lack of technical knowledge of law and procedure. While Winfield is not an attorney, he had previously defended himself in another trial and appeared to have a reasonable knowledge of his rights and of trial procedure. Indeed, during voir dire, Winfield effectively made a for-cause challenge to a potential juror, requested additional questioning of another potential juror, and even objected to the trial court's repeated use of the term "overabundance of caution" when striking potential jurors from the panel for cause. We therefore decline Winfield's invitation that we disregard the invited error doctrine because of his pro se status.
*Winfield*, 2006 UT 4, ¶ 20.

*state law* that Petitioner did not properly follow briefing rules. Although Petitioner may hotly contest that determination--because it involves an interpretation of state law--it is not the kind of question that may be reviewed in a federal habeas proceeding.[16]

Finally, Petitioner possibly suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition. To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial.[17] Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'"[18] Petitioner is burdened with making "a proper showing of factual innocence."[19]

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

In sum, the Court concludes that Petitioner's issues are procedurally defaulted. And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The Court thus denies Petitioner federal habeas relief.

---

[16]*Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[17]*Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

[18]*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)).

[19]*Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

CONCLUSION

Petitioner's challenges are procedurally barred and do not qualify for exceptional treatment. IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 27th day of September, 2013.

BY THE COURT:

*Tena Campbell*
JUDGE TENA CAMPBELL
United States District Court